**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**
**BATON ROUGE DIVISION**

| | |
|---|---|
| **ROY HENDERSON** | **DOCKET NO.:** |
| **VERSUS** | **JUDGE:** |
| **JERRY HORTON, EAST AND WEST TRUCKING, INC. AND SENTRY SELECT INSURANCE COMPANY** | **MAGISTRATE:** |

**DEFENDANTS' NOTICE OF AND CONSENT FOR REMOVAL OF ACTION**

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA, BATON ROUGE DIVISION:**

Defendants, **JERRY HORTON, EAST AND WEST TRUCKING, INC. AND SENTRY SELECT INSURANCE COMPANY**, appearing herein through undersigned counsel, with full reservation of all defenses, objections, and rights, respectfully represent the following:

1.

On April 13, 2022, a Petition for Damages was filed by Roy Henderson in the 19th Judicial District Court for the Parish of East Baton Rouge, bearing Docket No. C717874, Sec. 23. A copy of the Petition for Damages filed in the 19th Judicial District Court has been attached to the Notice of Filing and Certificate of Removing Defendants as "Exhibit A".

## **FEDERAL JURISDICTION**

### Removal Pursuant to 28 U.S.C. §1332

2.

This civil action is a matter over which this Court has original jurisdiction by virtue of Diversity of Citizenship (28 USC §1332) and is one which may be removed to this Court under the provisions of 28 USC §1441 et seq., in that it is a civil action wherein diversity of citizenship exists between the plaintiffs and all defendants, with the requisite amount in controversy being present for the claims of Mr. Henderson.

### Complete Diversity Exists as to All Parties

3.

According to the Petition, Plaintiff Roy Henderson is domiciled in, and is a citizen of, the State of Louisiana.

4.

Defendant East and West Trucking, Inc. is a corporation organized under the laws of the State of Mississippi and maintains its principal place of business in Mississippi. The state court contains an Affidavit of Service filed in the suit record indicating service was mailed to East and West Trucking, Inc. on April 20, 2022.

5.

Defendant Jerry Horton is a citizen of the State of Mississippi. Mr. Horton has resided in Mississippi for many years and intends to remain as a citizen of Mississippi. The state court record also contains an April 28, 2022, Affidavit of Service filed in the suit record indicating service was mailed on April 20, 2022 to Mr. Horton.

6.

Sentry Select Insurance Company is a corporate entity of the State of Wisconsin, where it is both incorporated and maintains its principal place of business. Sentry was served with the state court Petition through the Louisiana Secretary of State's office on - April 20, 2022. The Louisiana Secretary of State served Citation on CT Corporation as the registered agent for Sentry Select Insurance Company on April 22, 2022. A copy of the service documentation from the Louisiana Secretary of State's office is attached as "Exhibit B". This removal is being accomplished within 30 days of service upon Sentry Select Insurance Company.

**The Requisite Amount in Controversy Is Established**

7.

Upon information and belief, and without making any stipulation as to the amount of any provable damages, these defendants aver that the "amount in controversy" in this dispute is in excess of $75,000.00, exclusive of interest and costs, as follows.

8.

First, it should be noted that Mr. Henderson's' lawsuit contained only general allegations of injury and related pain, suffering, etc. Mr. Henderson asserted that the accident resulted in injuries to, his neck, back, head and left shoulder, but without specifying the particular medical treatment he has thus far undergone. The Petition for Damages itself did not, therefore set forth sufficient information upon with removal could be premised. Please see the state court Petition for Damages submitted herewith.

9.

However, prior to suit being filed, the attorney for Mr. Henderson provided some medical records to the Defendant Sentry Select Insurance Company. No additional substantive medical information of any kind has been submitted to the defendants (or to their insurer) subsequent to February 15, 2022.

10.

The pre-suit medical records of Mr. Henderson provided by his counsel do reveal an "amount in controversy" in excess of $75,000.00. As set forth in greater detail below the defense herein is accordingly "setting forth facts in controversy, with summary-judgment type evidence that support a finding of the requisite amount." Drill Cuttings Disposal Co. L.L.C. v. Chesapeake Operating, Inc., 2012 WL 399247, at *1 (W.D. La. Feb. 7, 2012) citing Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir.1999). While the Defendants herein do not concede any facts pertaining to the nature, extent and causation of injuries, the medical records supplied on February 15, 2022, revealed the following information upon which the claims of the plaintiff are based:

In short, Mr. Henderson has undergone cervical and lumbar MRIs which show both disc herniations and facet joint abnormalities, and he is under active pain management treatment from Dr. Turnipseed.

To provide further detail, following the accident of May 13, 2021, Mr. Henderson treated at the Rathman Clinic on May 19, 2021. He had complaints of pain to his neck, back, head and left shoulder. The treating diagnosis was Headache, Cervical Strain/Sprain Cervicalgia, Cervical Radiculitis, Thoracic Strain/Sprain Thoracalgia,

Lumbar Strain/Sprain, Lumbar Radiculitis, Lumbalgia, SI Joint Pain, Facet Syndrome and Insomnia. He was considered "totally incapacitated from 05/14/2021 to 06/02/2021".

On June 30, 2021, a cervical MRI was performed. The impression was as follows:

1. C3-C4 posterior midline 1.2-mm disc herniation identified. Uncinate joint hypertrophy produces mild right foraminal narrowing.

2. C5-C6 broad-based posterior central 1.9 mm disc herniation identified. Facet and uncinate joint hypertrophy produces mild bilateral foraminal narrowing.

3. C6-C7 disc bulge identified. Facet and uncinate joint hypertrophy is present producing moderate - severe left greater than right foraminal narrowing.

4. C7-T1 facet hypertrophy identified producing moderate left greater than right foraminal narrowing.

A lumbar MRI was performed on that same date (June 30, 2021). The impression was as follows:

1. The left kidney is abnormal presumably secondary to hydronephrosis of uncertain age or etiology. CT correlation recommended if clinically indicated.

2. L2-L3 disc bulge identified.

3. L3-L4 facet hypertrophy identified producing mild left foraminal narrowing.

4. L4-L5 facet hypertrophy identified producing mild right greater than left foraminal narrowing.

5. L5-S1 facet hypertrophy identified producing mild left greater than right foraminal narrowing.

On July 6, 2021, Mr. Henderson was referred to Dr. Joseph Turnipseed for interventional pain management evaluation of the cervical and lumbar spine. Medical bills as of February 15, 2022, were $4,555.00.

11.

The medical records provided to the Defendants do not thus far contain any surgical recommendations for Mr. Henderson. However, courts have found the amount in controversy met for purposes of federal subject matter jurisdiction under similar circumstances, even without a surgical recommendation. "Defendants correctly point out that it is well established in Louisiana law that damage awards for a herniated disc without surgical intervention may exceed $75,000.00". Thibodeaux v. GEICO Advantage Ins. Co., CV 16-158-JWD-EWD, 2016 WL 4055660, at *5 (M.D. La. July 8, 2016), report and recommendation adopted, CV 16-158-JWD-EWD, 2016 WL 4033981 (M.D. La. July 26, 2016).

On March 30, 2022, the Louisiana Court of Appeal for the Third Circuit in Walker v. Old Republic (CA 21-366, 3/30/22) affirmed a general damages award of $96,000.00 for aggravation of pre-existing lumbar and cervical spine issues that required medical treatment for just over a year.

In Pruitt v. Parsons, 2001 WL 1545703, at *1 (E.D. La. Dec. 3, 2001), the court found the amount in controversy met where the plaintiff alleged contusions and abrasions, and injury to his neck and lower back, and noted that "Defendants refer the Court to a litany of Louisiana cases involving awards for similar injuries in excess of $75,000.00, including cases in which plaintiffs for whom no surgery was recommended were awarded $100,000.00 and $400,000.00." See also Williams v. Perez, 2007 WL 9711090, at *4

(M.D. La. Oct. 23, 2007), report and recommendation adopted, 2007 WL 9711088 (M.D. La. Nov. 8, 2007) (citing cases).

Courts have awarded general damages to plaintiffs who had cervical and lumbar injuries, without surgeries, several times the amount of incurred medical expenses. *See* Collier v. Benedetto, 897 So.2d 775, 780 (La. App. 5th Cir. 2005) (adjusting award of general damages from $50,000.00 to $75,000.00 where plaintiff in automobile accident, who declined surgery, "sustained injuries to his back, neck, knee, thigh and shoulder, a small right disc protrusion at C5–C6, and cervical and lumbar muscle strains" and was awarded just $5,718.75 in medical expenses); Perez v. State ex rel. Crescent City Connection, Div. of Dep't of Transp. & Dev., 753 So.2d 913, 914–15 (La. App. 4th Cir. 2000) (affirming award of $150,000.00 in general damages where plaintiff was not recommended for, and did not have, surgery for bulging cervical, thoracic, and lumbar strains and bulging discs, as well as post-traumatic headaches, and incurred past medical expenses of just over $27,000.00); Wehbe v. Waguespack, 720 So.2d 1267, 1270–72 (La. App. 5th Cir.1998) (affirming award of "$185,000.00 for general damages for a herniated C3–4 disc without surgery and aggravation of pre-existing degenerative lumbar spine disease without any disc herniation" where plaintiff incurred past medical expenses of $6,590.00).

Therefore, upon information and belief, and without making any stipulation as to the nature, extent or causation of any provable damages, these defendants aver that the "amount in controversy" in this dispute is in excess of $75,000.00 for Mr. Henderson based upon the medical evidence provided to date.

**Venue**

12.

Plaintiff filed this lawsuit in the 19th Judicial District Court for the Parish of East Baton Rouge.  Thus, venue in this District is proper under 28 U.S.C. §1441(a), as it is the "District Court of the United States for the district and division embracing the place" where the original lawsuit is pending.

**Removal of This Matter is Timely**

13.

This Removal is being filed within 30 days of the service of the Petition on all defendants.

WHEREFORE, defendants do hereby remove the above captioned case to the United States District Court for the Middle District of Louisiana, Baton Rouge Division.

Respectfully submitted:

**RABALAIS, HEBERT & COUVILLION, LLC**

*s/ Melvin A. Eiden*
_____
**STEVEN B. RABALAIS (#17100) T.A.**
**MELVIN A. EIDEN (#19557)**
**BLAKE T. COUVILLION (#37443)**
701 Robley Drive, Suite 210
Lafayette, LA  70503
Telephone:  (337) 981-0309
Fax:  (337) 981-0905
Email:  srabalais@rhhnet.com
Email: meiden@rhhnet.com
Email:  blake@rhhnet.com
**ATTORNEYS FOR DEFENDANTS,**
**JERRY HORTON, EAST AND WEST TRUCKING, INC. AND SENTRY SELECT INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing has this day been forwarded as follows:

| | |
|---|---|
| --- | U.S. Mail (First Class) |
| --- | Hand Delivery |
| --- | Facsimile |
| --- | Overnight Delivery |
| --- | E-Mail – All Known Counsel |
| X | E-Mail – All Known Counsel of record through the CM/ECT System |

Lafayette, Louisiana on this 17th day of May, 2022.

*s/ Melvin A. Eiden*

_____
**STEVEN B. RABALAIS**
**MELVIN A. EIDEN**
**BLAKE T. COUVILLION**