## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA
## BATON ROUGE DIVISION

| | |
|---|---|
| **ROY HENDERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 3:22-cv-00319** |
| **JERRY HORTON, EAST AND WEST TRUCKING, INC. AND SENTRY SELECT INSURANCE COMPANY** | **JUDGE: SHELLY D. DICK** |
| | **MAG. JUDGE: ERIN WILDER-DOOMES** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER
## [JURY TRIAL REQUESTED]

NOW INTO COURT, through undersigned counsel, come Jerry Horton, East and West Trucking, Inc., and Sentry Select Insurance Company, defendants herein, who answer the Petition for Damages of Roy Henderson as follows:

## FIRST DEFENSE

The Petition for Damages fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Without waiver of defenses, Defendants Jerry Horton, East and West Trucking, Inc., and Sentry Select Insurance Company hereby answer the specific allegations of the Petition for Damages as follows:

1.

While at all times denying liability and or fault, these Defendants admit their names and domiciles.

2.

Admitted.

3.

The allegations of Article 3, as phrased, are denied. It is admitted that the tractor trailer owned by Mr. Horton/East and West Trucking, Inc. had begun a right turn maneuver. It is denied, however, the Mr. Horton had begun that maneuver entirely from the inside lane. Rather, because of the difficulty of the right turn he would have to make, Mr. Horton had positioned the tractor-trailer such that it was in the left and right lanes of Choctaw Drive in order to be able to accomplish the turn.  The tractor-trailer had been so positioned, with its right turn signal on, for a considerable distance as it proceeded down Choctaw Dr. Despite the open and obvious presence of a tractor-trailer straddling the lanes, with a right turn signal on, and with an adjacent street upcoming to the right, the plaintiff Mr. Henderson nonetheless attempted to pass the tractor-trailer on the right, thereby losing control of his vehicle in the process. No contact between the two vehicles occurred. Any remaining allegations of Article 3 are denied for lack of sufficient information to justify a belief therein.

4.

For answer to Article 4, it is admitted that Mr. Henderson's vehicle struck one or more objects as it travelled off the roadway and into an adjacent business parking lot. The vehicles themselves did not collide.   It is denied that Mr. Henderson's action in driving to the right was a "reaction" to some action on the part of Mr. Horton, since Mr. Horton's vehicle had been in the position of straddling the left and right lanes, with his right-turn signal on, for a sufficient distance for Mr. Henderson to have understood that the tractor-trailer would be turning right at the approaching adjacent street. Any

remaining allegations of Article 4 are denied for lack of sufficient information to justify a belief therein.

5.

Denied.

6.

These Defendants reiterate their denial of liability of any kind or character. Any remaining allegations of Article 6 are denied for lack of sufficient information to justify a belief therein.

7.

These Defendants aver that any policy of insurance issued herein by Sentry Select Insurance Company, being a written instrument and binding contract, is the best evidence of its own contents. Said insurance policy, with each and all of its exceptions, exclusions, denials, defenses, definitions, and limitations, is pled herein as if copied "*in extenso*". Any remaining allegations of Article 7 are denied for lack of sufficient information to justify a belief therein.

8.

These Defendants reiterate their denial of liability/fault of any kind or character.

9.

These Defendants reiterate the denial of liability/fault of any kind or character. Any remaining allegations of Article 9 are denied for lack of sufficient information to justify a belief therein.

10.

These Defendants reiterate the denial of liability/fault of any kind or character. Any remaining allegations of Article 10 are denied for lack of sufficient information to justify a belief therein.

11.

To the extent that Article 11 contains allegations of fact that require answer on the half of these Defendants, same are denied for lack of sufficient information to justify a belief therein.

12.

Defendants Jerry Horton, East and West Trucking, Inc., and Sentry Select Insurance Company are entitled to and pray for trial by jury on all issues herein.

AND NOW, without waiver of other defenses pled herein, Jerry Horton, East and West Trucking, Inc., and Sentry Select Insurance Company assert the following affirmative/additional defenses:

### **THIRD DEFENSE**

These Defendants aver that the incident sued upon was caused by the sole negligence/fault of the plaintiff Mr. Henderson and that no basis for the imposition of liability/fault exists as to any of the Defendants sued herein.

### **FOURTH DEFENSE**

Pleading in the alternative, these Defendants assert the defense of comparative negligence/comparative fault due to: Mr. Henderson's failure to maintain control of his vehicle; failure to keep a proper lookout; his attempt to pass a vehicle on the right; his decision to go around a tractor-trailer that was straddling the lanes with a right turn

signal on and with an adjacent street upcoming to the right; and other acts or omissions constituting negligence and/or fault to be determined upon proper discovery and litigation of this cause. Defendants pray that any recovery herein by or on behalf of Mr. Henderson be reduced in proportion to the percentage of fault found attributable to him.

## FIFTH DEFENSE

Defendants further aver that the contact in this case was of insufficient force to have caused the damages complained of. For that reason, and other reasons to be shown as investigation and discovery continues, Defendants aver that the Plaintiff cannot establish the element of causation.

## SIXTH DEFENSE

These Defendants further aver that to the extent that any of the plaintiff's medical expenses or other damages have been or will be paid by a third party in whose favor a right of subrogation exists, including but not limited to any medical payments coverage, collision or other property damage coverage, health insurance coverage, worker's compensation coverage, occupational accident coverage, payments by Medicaid, payments by Medicare, or any other third party payments, that the plaintiff is without a right of action to recover those previously-paid damages from the defendants herein. Defendants further aver that any obligation to pay said expenses has been extinguished.

## SEVENTH DEFENSE

Defendants aver that the injuries and damages complained of herein were not caused by the incident sued upon but are, instead, either in whole or in part, the result

of pre-existing medical conditions and/or otherwise attributable to factors for which these Defendants are not legally responsible.

## EIGHTH DEFENSE

Defendants aver that to the extent that any subsequent accident and/or incident and/or trauma and/or any other factor independent of the subject accident has caused an aggravation and/or exacerbation and/or worsening of Plaintiff's condition, that said event is hereby pled as the defense of superseding and/or intervening cause of injury.

## NINTH DEFENSE

These defendants further assert the affirmative defense of failure to mitigate damages.

## TENTH DEFENSE

Jerry Horton, East and West Trucking, Inc., and Sentry Select Insurance Company reserve all rights to assert additional affirmative defenses and/or incidental demands as investigation and discovery proceed.

WHEREFORE, premises considered, Jerry Horton, East and West Trucking, Inc., and Sentry Select Insurance Company pray that their Answer to the Petition of Roy Henderson be deemed good and sufficient and that after due proceedings are had that there be judgment herein and in their favor dismissing all demands of plaintiff, Roy Henderson, with prejudice, and at the cost and expense of plaintiff herein.

Jerry Horton, East and West Trucking, Inc., and Sentry Select Insurance Company are entitled to and pray for trial by jury on all issues herein.

AND FOR ALL GENERAL AND EQUITABLE RELIEF, ETC.

Respectfully submitted,

**RABALAIS, HEBERT & COUVILLION, LLC**

BY: *Steven B. Rabalais*
**STEVEN B. RABALAIS (#17100)**
MELVIN A. EIDEN (#19557)
BLAKE T. COUVILLION (#37443)
701 Robley Drive, Suite 210
Lafayette, LA  70503
Telephone: (337) 981-0309
Fax: (337) 981-0905
Email:  srabalais@rhhnet.com;
maeiden@rhhnet.com; blake@rhhnet.com

### CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2022, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to plaintiff's counsel by operation of the Court's electronic filing system.

Lafayette, Louisiana, this 26th day of May 2022.

*Steven B. Rabalais*
STEVEN B. RABALAIS