UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROY HENDERSON                                         CIVIL ACTION NO.

VERSUS                                                22-319-SDD-EWD

JERRY HORTON, ET AL.

**NOTICE AND ORDER**

This is a civil action involving claims for damages allegedly sustained by Roy Henderson ("Plaintiff") because of a motor vehicle collision that occurred on May 13, 2021.[1] Specifically, Plaintiff claims that he sustained injuries when he "swerve[ed] off the road and str[uck] the curb and an electrical guide wire to a telephone pole" to avoid a "2005 tractor trailer" driven by Jerry Horton ("Horton") which "executed a right turn from the inside lane of travel…[and] across the lane of travel occupied by [Plaintiff]."[2] Plaintiff also alleges that at the time of the collision, (1) East and West Trucking, Inc. ("EW Trucking") owned the vehicle driven by Horton, (2) Horton was in the "course and scope of [his] employment" with EW Trucking, and (3) Sentry Select Insurance Company ("Sentry") insured the vehicle operated by Horton.[3] On April 13, 2022, Plaintiff filed a Petition for Damages against Defendants in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana.[4] Defendants removed the matter on May 17, 2022, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[5]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court.

---

[1] R. Doc. 1-3.
[2] R. Doc. 1-3, ¶¶ 3-4.
[3] *Id*. at ¶¶ 3-4, 6-7. Horton, EW Trucking, and Sentry are collectively referred to as "Defendants."
[4] *Id*.
[5] R. Doc. 1, ¶ 2.

While it appears from the Notice of Removal that complete diversity of citizenship exists,[6] it is not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[7] The Petition alleges that Plaintiff sustained injuries to his "back, neck, head, and left shoulder" as a result of the collision.[8] He seeks the following categories of damages: (1) past, present, and future physical pain and suffering; (2) past, present, and future mental pain, anguish, and distress; (3) past, present, and future medical expenses; (4) lost wages; (5) loss of enjoyment of life; (6) property damage; and (7) loss of use.[9] In the Notice of Removal, Removing Defendants "aver that the 'amount in controversy' in this dispute is in excess of $75,000.00, exclusive of interest and costs," based on (1) the foregoing injury and damages allegations and (2) information about Plaintiff's injuries contained in "some [of her] medical records" provided to Defendants before removal, coupled with citations to several cases that show that "damage awards for a herniated disc without surgical intervention may exceed $75,000.00."[10] "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[11] Plaintiff's vague allegations of "injuries" to his "back, neck, head, and left shoulder," along with demands for general categories of damages (e.g., physical pain and suffering; mental pain, anguish, and distress; medical

---

[6] Per the Notice of Removal and Petition, Plaintiff is alleged to be domiciled in, and a citizen of, the State of Louisiana; Horton is alleged to be domiciled in, and a citizen of, the State of Mississippi; EW Trucking is alleged to be a Mississippi corporation with its principal place of business in Mississippi; and Sentry is alleged to be a Wisconsin corporation with its principal place of business in Wisconsin. R. Doc. 1, ¶¶ 3-6. Accordingly, all named parties are completely diverse, as Plaintiff is a citizen of Louisiana and Defendants are citizens of Mississippi and Wisconsin.
[7] See 28 U.S.C. § 1332(a).
[8] R. Doc. 1-3, ¶ 9.
[9] Id. at ¶ 10.
[10] R. Doc. 1, ¶¶ 9-11.
[11] Davis v. JK & T Wings, Inc., No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cited cases.

2

expenses; lost wages; loss of enjoyment of life; property damage; loss of use; etc.)[12] are insufficient to establish the amount in controversy.

Next, Defendants attempt to show that the amount in controversy is satisfied through information purportedly contained in Plaintiff's medical records.[13] Specifically, Defendants allege that Plaintiff's medical records show (1) that Plaintiff has "undergone cervical and lumbar MRIs which show both disc herniations and fact joint abnormalities"; (2) that in May 2021, Plaintiff was diagnosed with "headache, cervical strain/sprain cervicalgia, cervical radiculitis, thoracic strain/sprain thoracalgia, lumbar strain/sprain, lumbar radiculitis, lumbalgia, SI joint pain, facet syndrome and insomnia"; (3) that Plaintiff was "considered 'totally incapacitated from 05/14/2021 to 06/02/2021'"; (4) that a June 30, 2021 cervical MRI showed disc herniations a C3-C4 and C5-C6, a disc bulge at C6-C7, and facet hypertrophy at C7-T1, along with some foraminal narrowing at those locations; (5) that a June 30, 2021 lumbar MRI showed an abnormal left kidney "presumably secondary to hydronephrosis of uncertain age or etiology," a disc bulge at L2-L3, and facet hypertrophy and foraminal narrowing at L3-L4, L4-L5, and L5-S1; and (6) that Plaintiff was referred to (and still treats with) Dr. Turnipseed for "interventional pain management [and] evaluation of the cervical lumbar spine."[14] Defendants allege that Plaintiff has incurred $4,555.00 in medical expenses as of February 15, 2022. Notably, as Defendants concede, Plaintiff's medical records "do not thus far contain any surgical recommendations."[15]

These allegations are also insufficient to establish that Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[16] Defendants have not provided details about Plaintiff's

---

[12] R. Doc. 1-3, ¶ 10

[13] Although Plaintiff's medical records are referenced and/or summarized in the Notice of Removal, those records were not attached to the Notice of Removal, so the undersigned could not review, or consider, those records. Indeed, Defendants have not submitted any summary judgment-type evidence bearing on the amount in controversy.

[14] R. Doc. 1, ¶ 10.

[15] *Id*. at ¶ 11.

[16] This Court has recognized that "[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended." *Robinson v. Kmart Corp.*, No. 11-12, 2011 WL 2790192, at *4 n.4 (M.D. La. Apr. 28, 2011), *report and recommendation adopted*, 2011 WL 2937952 (M.D. La. July 14, 2011). Accordingly, courts

prognosis or recommended future treatment, whether Plaintiff will ever be recommended for surgery, the extent of "property damage" or "loss of use" suffered by Plaintiff, or whether Plaintiff is working/can work. According to the Notice of Removal, Plaintiff has incurred only $4,555.00 in medical expenses over the course of about nine months of treatment (*i.e.*, from May 19, 2021 through February 15, 2022).[17] Likewise, there is no specific information about Plaintiff's claim for lost wages and/or loss of earning capacity (other than that he was considered "totally incapacitated from 05/14/2021 to 06/02/2021"). There is also no evidence of any settlement demand, discovery responses, or other relevant documents that would have bearing on the amount in controversy.

Although Defendants rely on several Louisiana cases where damages above $75,000 were awarded or affirmed,[18] Defendants "must do more than merely show that plaintiff could recover more than the jurisdictional amount" to satisfy its burden.[19] Moreover, the state court cases cited by Defendants are not persuasive at this stage of the litigation, as there cannot be a meaningful comparison of this case to any of those cases (which may also be factually distinguishable) for the purposes of determining whether the jurisdictional threshold is met because the relevant information regarding Plaintiff's injuries and damages are unknown.[20] "The Defendant must point

---

have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages including those for a herniated disc meets the amount in controversy requirement when balanced with other factors in the record. *See, e.g., Hebert v. Hanco Nat. Ins. Co.*, No. 07-362, 2009 WL 255948, at *4-5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff "suffers from a herniated disc, without any recommendation for surgery" and the plaintiff "continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish"); *Espadron v. State Farm Mut. Auto. Ins. Co.,* No. 10-53, 2010 WL 3168417 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a "herniated cervical disc [or] segmental cervical instability" and a "herniated lumbar disc [or] segmental lumbosacral instability" and was a "potential surgical candidate" and plaintiff stipulated that his damages did not exceed $50,000).
[17] R. Doc. 1, ¶¶ 10-11.
[18] R. Doc. 1, ¶ 11.
[19] *Silva v. Hartford Ins. Co. of the Midwest,* No. 15-5844, 2016 WL 4501288, at *5 (E.D. La. Aug. 29, 2016). *See also Barrow v. James River Ins. Co.,* No. 16-15967, 2017 WL 656725, at *3 (E.D. La. Feb. 15, 2017) (accord).
[20] *See Silva,* 2016 WL 4501288, at *5: "Overall, Defendant's argument that the amount in controversy is satisfied by citing two Louisiana state court cases with highly individualized facts different from the facts at issue here is unconvincing. Because the fact finder has discretion in determining an appropriate amount of damages based upon the facts of each individual case, monetary awards in previous cases are not sufficient to meet Defendant's burden of establishing that the amount of controversy here is greater than $75,000. The Defendant must point to facts in this

to facts **in this case** that establish that the actual amount in controversy exceeded $75,000."[21]

Defendants have not yet met their burden of establishing that the amount in controversy is satisfied. Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[22]

Accordingly,

**IT IS ORDERED** that by no later than **June 20, 2022,** Defendants shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that by no later than **July 5, 2022,** Plaintiff shall file either: (1) a Notice stating that Plaintiff does not dispute that Defendants have established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, June 6, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

case that establish that the actual amount in controversy exceeded $75,000. Moreover, the damages awards cited by Defendant are based on the entire record after trial, whereas subject matter jurisdiction determinations must only be based on the jurisdictional facts that exist at the time of removal. This point is especially salient when the Plaintiff's particular alleged injury cannot be broadly generalized and compared across different plaintiffs with 'similar' injuries, and when such an injury can result in widely ranging damages awards that do not always satisfy the amount in controversy requirement."

[21] *Id.* (emphasis added).
[22] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").